IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON LAU,<br><br>        Plaintiff,<br><br>vs.<br><br>K. HARRINGTON, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:10-cv-01779-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>and<br><br>DENYING REQUEST FOR DOCKET SHEET<br><br>(ECF Nos. 6 & 7) |

      On March 17, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the

1 likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims
2 *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks
3 and citations omitted).

4 In the present case, the Court does not find the required exceptional circumstances.
5 Even if it is assumed that Plaintiff is not well versed in the law and that he has made
6 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
7 This Court is faced with similar cases almost daily. Further, at this early stage in the
8 proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on
9 the merits, and based on a review of the record in this case, the Court does not find that
10 Plaintiff cannot adequately articulate his claims. Id. Additionally, Plaintiff's case is in line
11 for screening by the Court. Until such screening occurs, no further action is required by
12 the Plaintiff. Accordingly, counsel would not be of any assistance to the Plaintiff in the
13 short-term.

14 For the foregoing reasons, Plaintiff's motion for the appointment of counsel is
15 DENIED without prejudice.

16 Plaintiff has also filed a Motion requesting the status of his case. Pursuant to 28
17 U.S.C. § 1915A(a), the Court is required to screen all complaints, such as Plaintiff's, that
18 are filed against a governmental entity. Plaintiff's Complaint is in line for screening by the
19 Court, and the Court will screen such Complaint in due course. No further action is
20 required on the part of the Plaintiff at this time. The Court finds it unnecessary to send
21 Plaintiff a docket sheet and such request is DENIED.

23 IT IS SO ORDERED.

24 Dated: March 29, 2011         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE