UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON C. LAU, | CASE NO.   1:10-cv-01779-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| K. HARRINGTON, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |
| _____/ | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On September 28, 2010, Plaintiff Hon C. Lau, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

Before screening, the Court notes that Plaintiff has twice filed an interlocutory appeal. On June 20, 2012, Plaintiff filed the first notice of appeal. (ECF No. 17.) The Ninth Circuit Court of Appeal ruled that the it had no jurisdiction over Plaintiff's interlocutory appeal. (ECF No. 20.) On July 16, 2012, Plaintiff filed a second notice of appeal substantively identical to the first and likewise without a discernable basis. (ECF No. 23.) The second appeal is pending with the appellate court.

Despite the purported appeal, the Court retains jurisdiction. This circuit has long "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters," when the appeal is patently frivolous. Marks v. Clarke, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996) (citing Chuman v. Wright, 960

F.2d 104, 105 (9th Cir. 1992) ("frivolous or forfeited appeal does not automatically divest the district court of jurisdiction").  Plaintiff's second appeal, as noted, is wholly without merit, there having been at the time of its filing no ruling from which to appeal.

### III.    SUMMARY OF COMPLAINT

The Complaint names the following individuals as Defendants: (1) K. Harrington, Warden; (2) R & R Department Staff; (3) C. Chen, M.D.; (4) Mail Room Staff; (5) Trust Office Staff; (6) Cramer, CCI; (7) Seller, C.O.; and (8) an unspecified number of John Does.[1]

Plaintiff alleges the following:

Defendants Harrington, Cramer, Seller, and other officers put Plaintiff on twenty-four hour lock down in an isolation cell from August 17, 2010, through September 15, 2010. The cell had a broken light and a "funny squeak noise came from inside . . . ." (Compl. at 4.)  Plaintiff went without a shower from September 2, 2010, until September 9, 2010, in spite of a medical chrono requiring Plaintiff to receive daily showers.  (Id.)

Mail room and trust office staffs prevented Plaintiff from sending and receiving personal and legal mail until September 15, 2010.  Plaintiff was also deprived of indigent stamps and envelopes.  Defendant Seller refused to send Plaintiff's legal mail because the mail was dirty and packaged in handmade envelopes.  (Id.)

Plaintiff's "prison score" dropped enough to qualify Plaintiff for a level III facility. However, the Defendants refused Plaintiff's request to be transferred to a corresponding

---

[1] Based on the time period and warden identified, the Court infers that the events at issue took place at Kern Valley State Prison.  Should Plaintiff choose to amend, he must explicitly identify the prison facility where his federal rights were allegedly violated.

3

facility. (Id.)

On August 30, 2010, Plaintiff picked up his personal property from the R & R Department. Plaintiff's television was not working and the Department refused to reimburse Plaintiff. (Id.)

On August 25, 2010, Defendant Chen refused to reissue a previous medical chrono that authorized Plaintiff's daily showers and possession of a medical mattress, knee brace, orthopedic shoes, and prescription glasses. These items may be confiscated if Plaintiff's chrono is not reauthorized. (Id.)

Plaintiff asserts that "the following civil rights have been violated: right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc. . . . plus racial discrimination." (Id. at 5.)

## IV.  ANALYSIS

### A.  Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.  Proper Joinder of Multiple Claims And Defendants

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (e.g. deliberate indifference) against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. See id.

Rule 18(a) allows multiple claims against a single party. However, naming multiple

defendants is limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact.

The Complaint raises numerous claims against multiple defendants based on at least four seemingly unrelated events. Plaintiff complains of (1) being isolated in a cell without medically ordered showers or mail service for thirty days; (2) being denied a facility transfer in accordance with his prison score; (3) having his property damaged; and (4) being denied a medical chrono for various medical items. There are no facts identifying a single event that brought about these various claims or explaining how the claims are otherwise related.

As alleged, Plaintiff's claims are unrelated and involve multiple defendants. Plaintiff has failed to state a cognizable claim. The Court will grant Plaintiff an opportunity to amend. In order to state a cognizable claim, Plaintiff must either plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants. If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated claims and defendants will be subject to dismissal.

The following sections of this order will notify Plaintiff of particular pleading deficiencies and the legal standards applicable to his various claims.

**C.     Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint does not adequately link any of the Defendants to the alleged violations.  Plaintiff alleges that staff members of the R & R Department, Mail Room, and Trust Office collectively violated his rights.  Plaintiff may not attribute liability to staffs as groups. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations).  In order to state a cognizable claim, Plaintiff must identify individuals and demonstrate how each person participated in the alleged violation.

Plaintiff alleges the conclusion that Defendants Harrington, Cramer, Seller, and Chen are individually liable for violating Plaintiff's rights, but provides no factual allegations indicating how these Defendants might be responsible for any of the deprivations alleged. To have a cognizable claim,  Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights.  Mere

7

supervision of an individual responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

### D.  John Doe

"John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

In his amended complaint, Plaintiff shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights. If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### E.  Eighth Amendment

#### 1.  Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that he was confined to a cell twenty-four hours a day for thirty days.  The cell light was broken, there was a "funny squeak" noise within the cell, and daily showers were not provided.  Inadequate lighting, excessive noise, or a lack of sanitation, under certain circumstances, can be sufficiently serious to establish an eighth amendment violation.  See Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) ("Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment."); Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) ("[P]ublic conceptions of decency inherent in the Eighth Amendment require that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise.") (internal quotation and citation marks omitted); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").  Prolonged, twenty-four hour per day isolation in a cell without access to exercise can also amount to a sufficiently serious deprivation.  See Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (finding a six-and-one-half weeks deprivation of outdoor exercise satisfied the objective element of an Eighth Amendment claim).

Plaintiff does not provide the Court with enough facts regarding the lighting, noise,

and shower opportunity to determine whether the conditions were sufficiently serious. Furthermore, Plaintiff's allegation that he was confined to his cell twenty-four hours a day seems inconsistent with other allegations in the Complaint. Plaintiff alleges that he was not allowed to leave his cell from August 17, 2010, through September 15, 2010. Yet Plaintiff only complains of not receiving a shower one week during that time, he admits to picking up his property at the R & R Department on August 30, 2010, and states that Dr. Chen refused to renew his medical chrono on August 25, 2010. Without clear allegations to the contrary, it is reasonable to conclude that these events occurred outside of Plaintiff's cell. If Plaintiff did not leave his cell for thirty days, he must allege as much and include truthful factual allegations describing his conditions.

Plaintiff must also allege deliberate indifference. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

   2.   Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff alleges that Defendant Chen refused to reissue Plaintiff's old medical chrono. This allegation, standing alone, fails to state a claim. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin, 662 F.2d at 1344. In order to state a cognizable claim based on Defendant Chen's decision to allow Plaintiff's chrono to expire, Plaintiff must allege facts consistent with the conclusion that Chen's action was medically unacceptable under the circumstances and was made in conscious disregard of an excessive risk to Plaintiff's health. Jackson, 90 F.3d at 332. Simply alleging that Plaintiff disagrees with Chen's decision or that previous doctors came to different conclusions is not sufficient.

**F.     First Amendment**

Plaintiff alleges numerous violations of his First Amendment rights. The basis for each claim is not clear.

   1.     Mail Access

While prisoners have a First Amendment right to send and receive mail, Witherow

12

v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)).  Censorship of outgoing prisoner mail, on the other hand, is justified if the following criteria are met: (1) the regulation furthers an important or substantial government interest unrelated to the suppression of expression, and (2) the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to incoming mail - Turner test applies to incoming mail) (quotation marks omitted); Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (Procunier applies to censorship of outgoing mail).

Plaintiff simply alleges that unspecified individuals interrupted his incoming and outgoing mail.  There are no facts describing the circumstances, extent, or reasons given for the mail interruption.  In order to state a cognizable claim, Plaintiff must allege facts consistent with the applicable legal standards.

    2.    Access to Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  Prisoners also enjoy some degree of First Amendment rights in their legal correspondence and must be provided with postage stamps at state expense to mail legal documents.  Bounds v. Smith, 430 U.S. 817, 824-25 (1977).  However, to state a viable

13

claim for relief, Plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Id. at 362.

Plaintiff has not alleged any facts which support a claim that he has suffered an actual injury. To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted).

### 3.  Freedom of Religion

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85. Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

To the extent that Plaintiff elects to allege in his amended Complaint a violation of

his right to free exercise of religion, he must allege both (1) a substantial interference with conduct mandated by his faith and (2) that the hindrance was without any legitimate penological interest. See Abobkr v. Mills, 2008 WL 4937370, *3 (E.D. Cal. Nov. 17, 2008).

### 4. Freedom of Association

"An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, 131 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." Id.

When considering a claim based on a prison rule or regulation restricting a prisoner's First Amendment rights, the Court applies the factors set forth in Turner, 482 U.S. at 89. See also Johnson v. California, 543 U.S. 499, 510 (2005) (noting that prison regulations that restrict a prisoner's First Amendment rights are not unconstitutional if they are reasonably related to legitimate penological interests). The prison rule or regulation "must be found reasonable in light of four factors: (1) whether there is a 'valid, rational connection' between the regulation and a legitimate government interest put forward to justify it; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates'; (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation)." Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (citing Turner, 482 U.S. at 89–90) cert. denied, 555 U.S. 1031 (2008).

### 5. Freedom of Speech

"[A] prison inmate retains those First Amendment rights that are not inconsistent

with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). "[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large.  In the First Amendment context . . . some rights are simply inconsistent with the status of a prison or 'with the legitimate penological objectives of the corrections system.'" Shaw v. Murphy, 532 U.S. 223, 229 (2001) (quoting Pell, 417 U.S. at 822). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. This standard requires a consideration of four factors: (1) whether there is a valid rational connection between the prison regulation and the legitimate and neutral governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right available to inmates; (3) what impact the accommodation of the asserted constitutional right would have on guards and other inmates; and (4) whether there are ready alternatives available to the prison for achieving the governmental objectives. Shaw, 532 U.S. at 229–30.

**G.     Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

1.     Transfer Requests

The fact that Plaintiff's transfer requests were denied does not implicate the Due Process Clause. Prison inmates do not have a constitutional right to be incarcerated at a

particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985).

### 2. Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the wrongful confiscation of his personal property in contravention of prison regulations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff must set forth facts showing what happened to his property and how this violated his due process rights in light of the standards articulated above.

### H.   Racial Discrimination

The Equal Protection Clause requires that persons who are similarly situated be

17

treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed September 28, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   July 31, 2012                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE