UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HON C. LAU, | ) | CASE NO. 1:10-cv-01779-MJS (PC) |
| Plaintiff, | ) | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | (ECF No. 30) |
| K. HARRINGTON, et al., | ) | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | ) | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On September 28, 2010, Plaintiff Hon C. Lau, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.)

On August 1, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 25.) Plaintiff's First Amended Complaint (ECF No. 30) is now before the Court for screening.

1

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF FIRST AMENDED COMPLAINT**

The First Amended Complaint names the following Kern Valley State Prison (KVSP) officials as Defendants: (1) K. Harrington, Warden; (2) Staff, R&R Department; (3) C. Chen, M.D.; (4) Staff, Mail Room; (5) Staff, Trust Office; (6) Cramer, CCI; (7) Seller, C.O; and (8) an unspecified number of John Doe prison guards.

Plaintiff alleges the following:

On August 25, 2010, Defendant Chen refused to reissue a medical chrono

2

authorizing Plaintiff a daily shower, a medical mattress, knee braces, medical shoes, prescription eye glasses, and medication. (Compl. at 3.)

Plaintiff was confined to an isolated cell twenty-four hours a day for seven days. The cell had a broken light and a "funny squeak noise came from inside . . . ." Plaintiff did not have an opportunity to shower. Defendant "Seller refused [Plaintiff's] request to fix." (Id. at 4.)

The Mail Room Staff and Seller did not pick up Plaintiff's legal and other mail daily. Plaintiff was unable to correspond with family or address a pending legal matter. (Id. at 5 and 7.) The Trust Office Staff refused to issue Plaintiff indigent envelopes. Seller also refused to give Plaintiff "blank trust withdraw forms for mailing purpose." (Id. at 7.) Plaintiff lost all his pending court cases because of the Defendants' conduct. (Id.)

On August 30, 2010, Plaintiff retrieved his personnel property from the R&R Department. His television was not working, and the R&R Staff refused to pay for the damage. (Id. at 6.)

Warden Harrington along with unknown prison guards racially discriminated against Plaintiff; they refused to transfer him to a lower custody level. (Id. at 8.)

## IV.    ANALYSIS

### A.    Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## B.   Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing

that the official has violated the Constitution through his own individual actions. Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff refers to unspecified John Doe Prison Guards collectively and alleges that staff members of the R & R Department, Mail Room, and Trust Office collectively violated his rights.

Plaintiff may not attribute liability to groups generally. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations); Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).  To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The Court previously instructed Plaintiff that he may not assert claims against groups but instead must distinguish individual Defendant's participation.  The fact that Plaintiff has not successfully amended in accordance with this instruction is reason to conclude he can not successfully amend.  No useful purpose would be served in again instructing him and inviting him to amend again.  Plaintiff's claims against the R&R Department Staff, Mail Room Staff, Trust Office Staff, and John Doe prison guards are therefore dismissed with prejudice.

///

///

**C.    Eighth Amendment**

1.    Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that he was confined to a cell twenty-four hours a day for seven days. The cell light was broken, there was a "funny squeak" noise within the cell, and daily showers were not provided.

Inadequate lighting, excessive noise, or a lack of sanitation, under certain circumstances, can be sufficiently serious to establish an eighth amendment violation. See Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) ("Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment."); Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) ("[P]ublic conceptions of decency inherent in the Eighth Amendment require that [inmates] be housed in an environment that, if not quiet, is at least reasonably free of excess noise.") (internal quotation and citation marks

omitted); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."). Prolonged, twenty-four hour per day isolation in a cell without access to exercise can also amount to a sufficiently serious deprivation. See Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (finding a six-and-one-half weeks deprivation of outdoor exercise satisfied the objective element of an Eighth Amendment claim).

The Court's previous screening order advised Plaintiff that his allegations did not contain enough detail for the Court to determine whether the conditions were sufficiently serious. The amended complaint offers the same limited, and still insufficient, factual allegations.

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim, and "routine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). There is no basis upon which the Court could conclude from the pleading before it that the "funny squeak" amounted to excessive noise or that the lighting was not adequate. Denial of shower access is a matter if substance, but Plaintiff's allegations do not reflect a denial of sanitation that was either severe or prolonged. Anderson, 45 F.3d at 1314. Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). No facts pled suggest these relatively short-term deprivations were substantial enough to implicate the Eighth Amendment. Johnson, 217 F.3d at 731-32.

Again, Plaintiff was notified of the pleading deficiencies in these regards and the legal standards which needed to be met to assert a cognizable claim. He has not met those standards. Plaintiff's conditions of confinement claims are dismissed, and, for the same reasons as indicated above, are dismissed with prejudice.

### 2. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff alleges only that Defendant Chen refused to reissue a medical chrono for Plaintiff. This allegation, standing alone, fails to state a claim. "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin, 662 F.2d at 1344. The Court's previous screening order instructed Plaintiff that to state a claim on this basis he must allege facts supporting the conclusion that Chen's decision was medically unacceptable under the circumstances

9

and made in conscious disregard of an excessive risk to Plaintiff's health. Jackson, 90 F.3d at 332. Simply alleging that Plaintiff disagrees with Chen's decision or that other doctors came to different conclusions is not sufficient.

The amended complaint realleges Plaintiff's basic allegations and shows no discernable effort to address the identified pleading deficiency. Plaintiff's claim against Defendant Chen is dismissed with prejudice.

### D.     First Amendment

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) only as test relates to incoming mail - Turner test applies to incoming mail); Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (Procunier applies to censorship of outgoing mail).

Plaintiff alleges that he was denied the ability to send outgoing mail for an unspecified period of time and, as a result, he "lost all his pending court cases . . . ." The inability to send mail is attributed to Defendant Seller and staff members from the Mail Room and Trust Office. As discussed above, Plaintiff claims against the staff members collectively are dismissed with prejudice. Plaintiff's claim against Defendant Seller remains vague; there are no facts describing the length, circumstances, extent, or reasons given

for the mail interruption. Plaintiff does add the new allegation that the mail interruption resulted in unfavorable decisions in multiple legal actions.

Plaintiff has a right to litigate without interference in pursuit of legal redress for claims that have a reasonable basis in law or facts. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). Claims for denial of access to court may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that can not now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–415 (2002). The plaintiff must show (1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and, in the case of a backward-looking claim, (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 414–15.

To establish a violation of the right of access to the court, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis v. Casey, 518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348.

Plaintiff has alleged that several unspecified legal actions were lost because of the interference with his mail. However, he does not describe what legal document(s) were to be delivered; to whom; how non-delivery caused the dismissal of "all his pending court cases . . ."; and what non-frivolous or arguable claims and remedies were so lost as to no longer be available.[1] Plaintiff does not allege sufficient facts to enable the court to

---

[1] See Christopher, 536 U.S. at 415, 417 (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued."); see also Avalos v. Baca, 596 F.3d 583, 591 n. 8 (9th Cir.

11

determine whether he has suffered such an actual injury and, if so, in what way. Indeed, the facts alleged, insofar as they suggest there was no more than a seven day delay in mail pick up, leave the Court skeptical that any case was forfeited during such a short time period.

Nevertheless, the Court will grant Plaintiff one **final** opportunity to amend his First Amendment outgoing mail/access to courts claims. Should Plaintiff choose to amend, he must fully explain the circumstances of his inability to send mail and describe in detail, as described above, the actual claims and cases that were lost, how, why, and when they were lost, and how he was injured as a result.

### E. Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

#### 1. Transfer Requests

The fact that Plaintiff was not transferred to a lower custody level does not implicate the Due Process Clause. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions,

---

2010).

to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985).

2. Property

Plaintiff alleges that the R&R Department is responsible for damage done to his television. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the wrongful confiscation of his personal property in contravention of prison regulations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

To the extent Plaintiff is alleging that the damage to his television was the result of an authorized, intentional deprivation, he has failed to properly link any individual Defendant to the alleged violation. As discussed above, Plaintiff may not attribute violations to groups of individuals generally. The Court previously notified Plaintiff of the legal standard and his pleading deficiencies. The amended complaint alleged no new facts and fails to state a claim. Plaintiff's Due Process claims are dismissed with prejudice.

///

13

### F. Racial Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff alleges that Warden Harrington and unknown prison guards were discriminatory to Plaintiff on the basis of his race. The amended complaint provides no facts to support Plaintiff's surmise that any of the Defendants acted on the basis of Plaintiff's race. Plaintiff's equal protection claim is dismissed with prejudice.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one more opportunity to amend, **but only** to amend his First Amendment claims against Defendant Seller arising out of Plaintiff's alleged forfeiture of legal cases because of interference with his mail. All remaining claims are dismissed with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that this opportunity to amend is not for the purposes of adding

new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and, if he amends, do so in a way which addresses the the above-described deficiencies in his First Amendment claim.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed October 1, 2012;

2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

/////

/////

15

1 action will be dismissed, with prejudice, for failure to state a claim and failure to comply
2 with a court order.
3
4 IT IS SO ORDERED.
5
6 Dated:     November 30, 2012            /s/ *Michael J. Seng*
7                                            UNITED STATES MAGISTRATE JUDGE