# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON C. LAU,<br><br>         Plaintiff,<br><br>   v.<br><br>K. HARRINGTON, et al.,<br><br>         Defendants. | CASE NO. 1:10-cv-01779-MJS PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 33)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**Order Denying Motion for Reconsideration**

Plaintiff Hon C. Lau ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 28, 2010. On December 17, 2012, Plaintiff filed a motion seeking reconsideration of the order screening his original Complaint and dismissing it for failure to state a claim under 42 U.S.C. § 1983, with leave to amend. (ECF No. 33.)[1]

**I.     Legal Standard**

Fed. R. Civ. P. 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed

---

[1] Plaintiff has since filed a First Amendment Complaint. (ECF No. 30.) The Court screened Plaintiff's First Amended Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 32.) Plaintiff was to file a second amended complaint by January 2, 2013. (Id.)

1

to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## II.   Discussion and Order

Plaintiff disagrees with the Court's decision and seeks reconsideration of the order dismissing his original Complaint, with leave to amend. In screening Plaintiff's Complaint, the Court carefully considered Plaintiff's allegations, construed the allegations liberally in light of Plaintiff's pro se prisoner status, and explained in a detailed order why the Complaint failed to state a claim under 42 U.S.C. § 1983 for violation of the First, Eighth, and Fourteenth Amendments. Plaintiff was given leave to amend. This was not a situation in which Plaintiff was deprived of notice and an opportunity to amend.

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131; <u>see also</u> <u>In re Pacific Far East Lines, Inc.</u>, 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices). Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.

## III.   Order

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 33) is DENIED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
3. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

.

IT IS SO ORDERED.

Dated: January 15, 2013        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE