# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON C. LAU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. HARRINGTON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE No. 1:10-cv-01779-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 34)<br><br>FOURTEEN (14) DAY DEADLINE |

　　　Plaintiff Hon C. Lau is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed September 28, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to extend magistrate judge jurisdiction to all matters and purposes. (Consent to Magistrate, ECF No. 5.)

　　　The Court screened Plaintiff's First Amended Complaint and dismissed it on November 30, 2012 for failure to state a claim, but gave Plaintiff leave to file an amended complaint by not later than December 30, 2012. (ECF No. 32.) Plaintiff moved for reconsideration of the dismissal of his First Amended Complaint on December 17, 2012. (ECF No. 33.) The Court denied Plaintiff's request for reconsideration, but extended the deadline for filing a Second Amended Complaint by thirty days to February 19, 2013. (ECF No. 34.)

　　　The February 19, 2013 deadline has passed without Plaintiff filing an amended complaint or requesting an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's Order requiring that he file an amended complaint by not later than February 19, 2013.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall either show cause why his case should not be dismissed with prejudice for failure to comply with the Court's January 16, 2013 Order, or file an amended complaint; and

2. If Plaintiff fails to show cause or file an amended complaint with that period, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 16, 2013              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

2