1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON C. LAU, | CASE NO. 1:10-cv-01779-MJS PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S ACTION |
| v. | (ECF No. 33) |
| K. HARRINGTON, et al., | CLERK SHALL CLOSE CASE |
| Defendants. | |
| _____/ | |

Plaintiff Hon C. Lau ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 28, 2010. Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

The Court screened Plaintiff's First Amended Complaint on November 30, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before January 2, 2013.  (ECF Nos. 30 & 32.)  Rather than filing an amended complaint, Plaintiff filed a motion for reconsideration (ECF No. 33), which the Court denied, but gave Plaintiff another thirty days to file an amended complaint. (ECF No. 34.)

Plaintiff failed to comply with the second deadline for filing an amended complaint. Accordingly, on March 18, 2013, the Court issued an order to Plaintiff to show cause why his case should not be dismissed for failure to state a claim and failure to prosecute.  (ECF No. 35.)  Rather than file a response to the order to show cause, Plaintiff filed a "motion for a compassion release from prison custody," which contained no explanation why

1   Plaintiff had not filed an amended complaint.  (ECF No. 36.)

2       As can be seen, the Court has given Plaintiff every opportunity to amend his

3   pleading and proceed with his case.  He has failed to avail himself of these opportunities.

4   No useful purpose would be served in continuing to extend them.

5       Local Rule 110 provides that "failure of counsel or of a party to comply with these

6   Rules or with any order of the Court may be grounds for imposition by the Court of any and

7   all sanctions . . . within the inherent power of the Court."  District courts have the inherent

8   power to control their dockets and "in the exercise of that power, they may impose

9   sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

10  Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

11  based on a party's failure to prosecute an action, failure to obey a court order, or failure to

12  comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

13  (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

14  (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

15  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

16  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

17  v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

18  with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

19  for lack of prosecution and failure to comply with local rules).

20      In determining whether to dismiss an action for lack of prosecution, failure to obey

21  a court order, or failure to comply with local rules, the Court must consider several factors:

22  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

23  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

24  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

25  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

26  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

27      In the instant case, the Court finds that the public's interest in expeditiously resolving

28  this litigation and the Court's interest in managing its docket weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's March 18, 2013 order expressly stated: "If Plaintiff fails to show cause or file an amended complaint with[in] that [fourteen day] period, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011)." (ECF No. 35.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983 and failure to obey the Court's March 18, 2013, order (ECF No. 35). This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   May 20, 2013                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE